Wolters Kluwer

## Service of Process Transmittal Summary

**TO:**     Tara Mackey
AZZ Incorporated
3100 W 7th St Ste 500, One Museum Place
Fort Worth, TX 76107-8701

**RE:**     **Process Served in Missouri**

**FOR:**    Precoat Metals Corp.  (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JEREMY BARNARD on behalf of himself and all other persons similarly situated, known and unknown vs. PRECOAT METALS CORPORATION |
| **CASE #:** | 2023CH000015 |
| **PROCESS SERVED ON:** | C T Corporation System, Clayton, MO |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/15/2023 at 07:45 |
| **JURISDICTION SERVED:** | Missouri |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Tara Mackey  taramackey@azz.com |
| | Email Notification,  Mary Jackson  MaryJackson@azz.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 120 South Central Avenue |
| | Clayton, MO 63105 |
| | 866-665-5799 |
| | SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, Mar 15, 2023
**Server Name:**                   Drop Service

| Entity Served | PRECOAT METALS CORP |
|---|---|
| Case Number | 2023CH000015 |
| Jurisdiction | MO |

| Inserts | | |
|---|---|---|
| | | |



**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS,<br>CIRCUIT COURT<br><br>Madison_____ COUNTY | **SUMMONS** | *For Court Use Only* |
|---|---|---|

| | | |
|---|---|---|
| **Instructions ▼** | Jeremy Barnard<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter above the county name where the case was filed. | | |
| Enter your name as Plaintiff/Petitioner. | v. | **2023CH000015** |
| Enter the names of all people you are suing as Defendants/ Respondents. | Precoat Metals Corporation<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>**Defendant / Respondent** *(First, middle, last name)* | **Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1ˢᵗ Summons issued for this Defendant.)* | |

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms.  You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| | |
|---|---|
| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.    Defendant/Respondent's address and service information:**<br>    a.    Defendant/Respondent's primary address/information for service:<br>        Name *(First, Middle, Last)*:   Precoat Metals Corporation<br>        Registered Agent's name, if any:  C T Corporation System<br>        Street Address, Unit #:   120 S. Central Ave.<br>        City, State, ZIP:   Clayton, MO 63105<br>        Telephone: ‾‾‾‾‾‾‾‾‾‾‾ Email: ‾‾‾‾‾‾‾‾‾‾‾ |
| In **1b**, enter a second address for Defendant/ Respondent, if you have one. |    b.    If you have more than one address where Defendant/Respondent might be found, list that here:<br>        Name *(First, Middle, Last)*: ‾‾‾‾‾‾‾‾‾‾‾<br>        Street Address, Unit #: ‾‾‾‾‾‾‾‾‾‾‾<br>        City, State, ZIP: ‾‾‾‾‾‾‾‾‾‾‾<br>        Telephone: ‾‾‾‾‾‾‾‾‾‾‾ Email: ‾‾‾‾‾‾‾‾‾‾‾ |
| In **1c**, check how you are sending your documents to Defendant/ Respondent. |    c.    Method of service on Defendant/Respondent:<br>        ☑ Sheriff        ☐ Sheriff outside Illinois: ‾‾‾‾‾‾‾‾‾<br>                                                                        *County & State*<br>        ☐ Special process server        ☐ Licensed private detective |

| | | |
|---|---|---|
| SU-S 1503.2 | Page 1 of 4 | (06/21) |

Enter the Case Number given by the Circuit Clerk:_____

<table>
<tr><td>In **2**, enter the amount of money owed to you.</td></tr>
</table>

**2.    Information about the lawsuit:**

Amount claimed:    $ 50,000.00 Plus +

<table>
<tr><td>In **3**, enter your complete address, telephone number, and email address, if you have one.</td></tr>
</table>

**3.    Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*:    Jeremy Barnard c/o Werman Salas P.C.

Street Address, Unit #:    77 W. Washington St., Suite 1402

City, State, ZIP:    Chicago, IL 60602

Telephone:    (312) 419-1008          Email:    dwerman@flsalaw.com

---

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

---

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.    Instructions for person receiving this *Summons* (Defendant):** |
|---|---|

☑ a.    To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:

Address:    155 N. Main Street

City, State, ZIP:    Edwardsville, IL 62025

| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. |
|---|

☐ b.    Attend court:

On: _____ at _____ ☐ a.m. ☐ p.m. in _____
       *Date*                *Time*                                 *Courtroom*

**In-person at:**

| In **4b**, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. |
|---|

_____
*Courthouse Address*      *City*                    *State*      *ZIP*
OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):

    By telephone: _____
                            *Call-in number for telephone remote appearance*

    By video conference: _____
                             *Video conference website*

_____
    *Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at:    (618) 296-4580 _____ or visit their website
                       *Circuit Clerk's phone number*

at:    www.madisoncountyil.gov _____ to find out how to do this.
        *Website*

| **STOP!**<br>The Circuit Clerk will fill in this section. |
|---|

Witness this Date:    3/6/2023
_____

Clerk of the Court:    /s/ Thomas McRae    /s/ Stacey Turner
_____

| **STOP!**<br>The officer or process server will fill in the Date of Service. |
|---|

**This *Summons* must be served within 30 days of the witness date.**

Date of Service: _____
    *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only* |
|---|---|---|
| Madison _____ COUNTY | | |

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | Jeremy Barnard _____ **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. Precoat Metals Corporation _____ **Defendant / Respondent** *(First, middle, last name)* | **2023CH000015** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1ˢᵗ Summons issued for this Defendant.)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
*First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the
above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*
Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

SU-S 1503.2                          Page 3 of 4                          (06/21)

Enter the Case Number given by the Circuit Clerk:_____

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
     Address: _____
     City, State, ZIP: _____
     Other information about service attempt: _____
     _____
     _____
     _____

2.   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
     Address: _____
     City, State, ZIP: _____
     Other information about service attempt: _____
     _____
     _____
     _____

3.   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
     Address: _____
     City, State, ZIP: _____
     Other information about service attempt: _____
     _____
     _____
     _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the** *Proof of Service of Summons* **is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

**By:**                                                    **FEES**

Service and Return: $ _____

_____

*Signature by:*  ☐ Sheriff                     Miles _____   $ _____
                 ☐ Sheriff outside Illinois:    Total            $ 0.00

Under the Code of Civil Procedure, <u>735 ILCS 5/1-109</u>, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

_____
*County and State*
☐ Special process server
☐ Licensed private detective

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

**Print Form**        **Save Form**        **Reset Form**

***EFILED***
Case Number 2023CH000015
Date: 3/3/2023 2:56 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

### IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL DISTRICT
### MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| JEREMY BARNARD on behalf of himself and all other persons similarly situated, known and unknown | ) ) ) ) | Case No.   2023CH000015 |
| Plaintiff, | ) ) ) | Judge |
| v. | ) ) | |
| PRECOAT METALS CORPORATION; | ) ) | |
| Defendant. | ) | |

### CLASS ACTION COMPLAINT

Jeremy Barnard ("Plaintiff") files this Class Action Complaint ("Complaint") against Precoat Metals Corporation ("Defendant") for violations of the Illinois Biometric Information Privacy Act.

### SUMMARY OF CLAIMS

1.    This class action arises from Defendant's unlawful capture of its employees' private biometric information, without informed consent, and in violation of the Illinois Biometric Information Privacy Act.

2.    Rather than using traditional methods to track its employees' time, Defendant has mandated that employees have finger(s) scanned by a biometric timekeeping device when clocking in and out of work.

3.    Unlike ID badge or timecards, biometrics are *unique* and *permanent* identifiers associated with each employee.

4.    Capture of biometric data puts employees at risk of irreversible breaches of privacy, such as through hacks of databases containing such data. Such data breaches subject employees to potential identity theft and other improper or unlawful use of highly private unique identifiers.

1

5.      Defendant Precoat Metals Corporation engages in the business of applying protective and decorative coatings and films for continuous steel and aluminum coil and performing ancillary services related thereto.

6.      Plaintiff Barnard worked for Defendant as a warehouse worker in Granite City, Illinois, from approximately May 2018 through July 2018.

7.      Throughout his employment with Defendant, Defendant required Plaintiff and other workers to use a biometric time clock system to record their time worked.

8.      Defendant required Plaintiff and other workers to scan their fingers in Defendant's biometric time clock each time they started and finished working.

9.      By requiring workers to scan their fingers to record their time, instead of identification numbers or badges only, Defendant ensured that one worker could not clock in or clock out for another.

10.     Thus, there is no question that Defendant achieved a labor management benefit from using a biometric time clock.

11.     But in securing this benefit for itself, Defendant also placed workers at risk by using their biometric identifiers to "punch the clock."

12.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

13.     As a result, Illinois restricted private entities, like Defendant, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

14.     Defendant collected, stored, used, and transferred the unique fingerprint identifiers,

2

or information derived from those identifiers, of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

15.     As a result, Defendant violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers and information of Plaintiff and other similarly situated workers.

**JURISDICTION AND VENUE**

16.     This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in Illinois, was registered to do business in Illinois, and committed the statutory violations alleged in this Complaint in Illinois.

17.     Madison County is an appropriate venue for this litigation because, during the relevant time period, Defendant did business in Madison County and committed the alleged statutory violations in this County.

**THE PARTIES**

18.     Plaintiff Barnard is a resident of Illinois and worked for Defendant in Granite City, Illinois.

19.     Defendant is a Delaware corporation headquartered in Saint Louis, Missouri and conducts substantial operations in the State of Illinois.

**REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT**

20.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

21.     The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

22.     Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)-(2).

23.     In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it creates and follows a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

24.     Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

**BACKGROUND FACTS**

25.     When Plaintiff scanned his fingers in Defendant's biometric time clocks, Defendant captured and stored Plaintiff's fingerprints, or personal identifying information derived from

4

Plaintiff's fingerprints.

26.    When Plaintiff scanned his fingers in Defendant's biometric time clocks, Defendant disclosed Plaintiff's fingerprints – or personal identifying information derived from Plaintiff's fingerprints – to Defendant's timekeeping vendor.

27.    Before requiring Plaintiff to use a biometric time clock, Defendant never provided Plaintiff any written materials stating that it was collecting, retaining, or disclosing his fingerprints or personal identifying information derived from his fingerprints.

28.    Before requiring Plaintiff to use a biometric time clock, Defendant never obtained Plaintiff's written consent, or release as a condition of employment, authorizing the collection, storage, dissemination, or use of their fingerprints or personal identifying information derived from his fingerprints.

29.    Defendant violated Plaintiff's privacy and the Illinois Biometric Privacy Act by capturing or collecting his unique biometric identifiers and information and sharing those identifiers and information with its time-keeping vendor, without his consent.

**CLASS ACTION ALLEGATIONS**

30.    Plaintiff seeks to represent a class of Defendant's workers who scanned their fingers in Defendant's biometric time clock systems in Illinois between March 3, 2018, and the present without first executing a written release ("the Class").

31.    Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: scanning their fingers in Defendant's biometric time clock system despite Defendant failing to adhere to the requirements of the Biometric Information Privacy Act.

32.    The Class includes more than 50 members.

33.    As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

34.    The issues involved in this lawsuit present common questions of law and fact, including: whether Defendant required the Class to scan their fingers to clock in and out during shifts; whether Defendant collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendant complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act.

35.    These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

36.    Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

37.    If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

38.    Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

39.    The books and records of Defendant are material to Plaintiff's case as they disclose how and when Plaintiff and the Class scanned their fingers in Defendant's biometric time clock systems and what information Defendant provided Plaintiff and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

40.    Plaintiff and their counsel will fairly and adequately protect the interests of the Class.

41.    Plaintiff retained counsel experienced in complex class action litigation.

## COUNT I
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(b))
### (Class Action)

42.     Plaintiff realleges and incorporates the previous allegations of this Complaint.

43.     Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

44.     Plaintiff and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

45.     Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of personal identifying information based on Plaintiff and the Class's fingerprints.

46.     Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff and the Class's biometric identifiers and biometric information without first informing them in writing that Defendant were doing so.

47.     Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff and the Class's biometric identifiers and biometric information without first informing them in writing of the purpose of Defendant doing so and the length of time Defendant would store and use Plaintiff and the Class's biometric identifiers and/or biometric information.

48.     Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff and the Class's biometric identifiers and biometric information without first obtaining their written consent or other release authorizing Defendant to capture or collect Plaintiff and the Class's biometric identifiers and/or biometric information.

49.     Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008

7

and numerous articles and court filings about the law's requirements were published before

Defendant committed the legal violations alleged in this Complaint.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.    Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff
and the Class for each violation of the Biometric Information Privacy Act as
provided by 740 ILCS 14/20(1)-(2);

B.    Enjoining Defendant from committing further violations of the Biometric
Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.    Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and
prosecuting this action as provided by 740 ILCS 14/20(3); and

D.    Such other and further relief as this Court deems appropriate and just as provided
by 740 ILCS 14/20(4).

## COUNT II
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(a))
### (Class Action)

50.    Plaintiff realleges and incorporates the previous allegations of this Complaint.

51.    Defendant is a "private entity" under the Biometric Information Privacy Act. 740

ILCS 14/10.

52.    Plaintiff and the Class's fingerprints qualify as "biometric identifier[s]" as defined

by the Biometric Information Privacy Act. 740 ILCS 14/10.

53.    Defendant has "biometric information" from Plaintiff and the Class through its

acquisition and retention of personal identifying information based on Plaintiff and the Class's

fingerprints.

54.    Defendant violated the Biometric Information Privacy Act by possessing Plaintiff

and the Class's biometric identifiers and biometric information without creating and following a

written policy, made available to the public, establishing a retention schedule and destruction

guidelines for its possession of biometric information derived from Plaintiff and the Class's

8

fingerprints.

55.     Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

56.     As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.     Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.     Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.     Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.     Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

## COUNT III
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(d))
### (Class Action)

57.     Plaintiff realleges and incorporates the previous allegations of this Complaint.

58.     Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

59.     Plaintiff and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

60.     Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of personal identifying information based on Plaintiff and the Class's

9

fingerprints.

61.     Defendant violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiff and the Class's biometric identifiers and biometric information to Defendant's time-keeping vendor without first obtaining their consent for that disclosure or dissemination.

62.     Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

63.     As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.     Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.     Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.     Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.     Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

Dated:  March 3, 2023                    Respectfully submitted,


                                         /s/ Douglas M. Werman

Douglas M. Werman - IL Bar No.- 6204740
dwerman@flsalaw.com
Michael M. Tresnowski – IL Bar No. - 6324767
mtresnowski@flsalaw.com
**WERMAN SALAS P.C.**
77 W. Washington St., Ste 1402
Chicago, IL 60602
T: (312) 419-1008

Josh G. Konecky (jkonecky@schneiderwallace.com) *
Nathan B. Piller (npiller@schneiderwallace.com) *
Philippe M. J. Gaudard (pgaudard@schneiderwallace.com) *
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
200 Powell St., Ste 1400
Emeryville, CA 94608
T: (415) 421-7100

*Attorneys for Plaintiff*

***\*Pro Hac Vice Forthcoming***

11